IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH W. JEAN-LOUIS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-18-3 |
| | § | |
| GOVERNOR OF THE STATE OF | § | |
| TEXAS & MAYOR OF | § | |
| BROWNSVILLE, TEXAS, | § | |
|     Defendants. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 2, 2018, Plaintiff Joseph W. Jean-Louis filed a complaint against the Governor of the State of Texas and the Mayor of Brownsville, Texas, for failing to "conduct mock civil defense disaster drills for children in elementary schools" and for "not building underground nuclear fallout disaster shelters at elementary schools." Dkt. No. 1.[1] Jean-Louis is currently incarcerated at Devens Federal Medical Center, a federal prison in Devens, Massachusetts.

Jean-Louis did not prepay the filing fee or move to proceed in forma pauperis. On January 25, 2018, the Court ordered Jean-Louis to either pay the filing fee or file a motion to proceed in forma pauperis. Dkt. No. 2. The Court gave Jean-Louis until February 16,

---

[1] The Court notes that Jean-Louis has sued the Governors of New York, Georgia, Colorado, Pennsylvania, Missouri, Michigan, and California as well as the Mayors of New York City, Brunswick (Ga), Denver, Springfield (Mo.), Detroit, and Los Angeles based on substantially similar claims to those made in this case. Jean-Louis v. Governor State of New York, et al., Civil No. 1:11-4923-BMC-ALC (E.D.N.Y. 2011); Jean-Louis v. Governor State of Georgia, et al., Civil No. 2:14-30-LGW-JEG (S.D. Ga. 2014); Jean-Louis v. Governor State of Colorado, et al., Civil No. 1:96-1512-DBS (D. of Colorado 1996); Jean-Louis v. Governor State of Pennslyvania, et al., Civil No. 6:98-3065-JES (W.D. Mo. 1998); Jean-Louis v. Governor State of Michigan, et al., Civil No. 1:11-15078-TLL-CEB (E.D. Mich. 2011); Jean-Louis v. Governor of California, et al., Civil No. 2:11-16059-MMM-SH (C.D. Cal. 2011). In each case, Jean-Louis did not pay the filing fee or file a motion to proceed in forma pauperis, resulting in the dismissal of the case.

2018, to correct this deficiency. Id.  Jean-Louis was warned that "[f]ailure to comply with this requirement may result in the complaint being dismissed without prejudice for want of prosecution." Id.

The order was sent to Jean-Louis's last known address.  The certified mail receipt indicated that it was signed for and the mail has not been returned to the Court as undeliverable. Dkt. No. 4.  The signed certified mail receipt was filed with the clerk's office on February 8, 2018.  Id.  Thus, more than a month after the deadline expired, Jean-Louis has neither paid the filing fee nor moved to proceed in forma pauperis.

## I. Applicable Law

### A. Want of Prosecution

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988).  Generally, such dismissals are without prejudice.  A case may be dismissed with prejudice for want of prosecution only if there is "a clear record of delay or contumacious conduct by the plaintiff" and lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed and have been futile. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir.1992).  Generally, one of three aggravating factors is present in a dismissal with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id.

## II. Analysis

Jean-Louis's failure to respond to the Court's court order instructing him to pay the filing fee or submit the documentation and application to proceed in forma pauperis warrants dismissal of his claims without prejudice.

While a dismissal without prejudice is recommended, such a dismissal may amount to a dismissal with prejudice, if the "statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (quoting Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 213 (5th

Cir. 1976) (emphasis added)).  Where there is any doubt as to the effect of the dismissal, the higher standard for dismissal with prejudice should be applied. Collins v. Stalder, 236 Fed.Appx. 29, *1 (5th Cir. 2007) (unpubl.) (citing Boazman, 537 F.2d at 212-13).

Jean-Louis is asking for injunctive relief – which is temporal in nature – to force the Defendants to conduct the drills and build the fallout shelters.  Injunctive relief does not seek to address past wrongs, but to prevent ongoing harms. Hainze v. Richards, 207 F.3d 795, 802 (5th Cir. 2000).  So long as the Defendants continue to engage in their current behavior, Jean-Louis would be able to refile his complaint without running afoul of the statute of limitations.

### III. Recommendation

The Court recommends that Joseph W. Jean-Louis's complaint, Dkt. No. 1, be dismissed without prejudice for want of prosecution.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on March 28, 2018.

_____
Ronald G. Morgan
United States Magistrate Judge